The STATE of Texas, Appellant,

v.

Juan Antonio SOTELO and Sasha
Alana Silva Sotelo, Appellees.

Nos. 13–03–423–CR, 13–03–424–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

May 12, 2005.

Armando R. Villalobos, Dist. Atty., Gordon K. Lemaire, Asst. Dist. Atty., Brownsville, for appellant.

Peter C. Gilman, Olmito, for appellees.

Before Justices RODRIGUEZ, CASTILLO, and GARZA.

## OPINION

Opinion by Justice CASTILLO.

The State of Texas argues that the trial court abused its discretion by ordering disclosure of the identity of the confidential informant. Appellees, Juan Antonio Sotelo and Sasha Alana Silva Sotelo, counter that the trial court ruled correctly because (1) the informant was a witness to the offense, and (2) the credibility of the informant was at issue and, thus, could aid in their defense. We reverse and remand.

### I. Standard of Review

We review a trial court's grant of a motion to disclose a confidential informant under an abuse of discretion standard. *See Taylor v. State*, 604 S.W.2d 175,

179 (Tex.Crim.App.1980). Under this standard, we affirm the judgment unless the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990) (en banc). We may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court's decision was arbitrary or unreasonable. *Id.* We must consider all of the circumstances of the case to determine whether the trial court abused its discretion by requiring the State to disclose the informer's identity. *Cf. Portillo v. State*, 117 S.W.3d 924, 928 (Tex. App.-Houston [14th Dist.] 2003, no pet.).

### II. Texas Rule of Evidence 508

The State has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law to a law enforcement officer. Tex.R. Evid. 508(a). Exceptions to the rule require the State to disclose the identity of a confidential informant if: (1) the informer may reasonably be able to give testimony necessary to a fair determination of the issues of guilt or innocence, Tex.R. Evid. 508(c)(2); or, (2) "information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible." Tex.R. Evid. 508(c)(3). The remaining exception applies to the State's voluntary disclosure. Tex.R. Evid. 508(c)(1).

A defendant who makes a request for disclosure under rule 508 has the threshold burden of demonstrating that the informant's identity must be disclosed. *See Bodin v. State*, 807 S.W.2d 313, 318 (Tex.Crim.App.1991) (en banc). In order

to overcome the State's privilege under rule 508(c)(2), the defendant bears the threshold burden of demonstrating there is a reasonable probability the informer may give testimony necessary to a fair determination of the issue of guilt or innocence. *Portillo,* 117 S.W.3d at 928; *see* Tex.R. Evid. 502(c)(2). The informant's potential testimony must significantly aid the defendant, and mere conjecture or supposition about possible relevancy is insufficient. *Id.* (citing *Bodin,* 807 S.W.2d at 318). The filing of a motion to disclose is insufficient to obtain a hearing, much less compel disclosure. *Id.* However, because the defendant may not actually know the extent of the informant's involvement, he is only required to make a plausible showing of how the testimony may be important. *Id.* The trial court should order disclosure of the informant's identity if the trial court finds a reasonable probability exists that the informant could give testimony necessary to a fair determination of guilt or innocence. *See id.* Evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informer's identity must be disclosed. *Bodin,* 807 S.W.2d at 318.

In this case, the indictments charged the Sotelos with one count each of possession with intent to deliver cocaine and one count of possession of marihuana. In his motion for disclosure, Mr. Sotelo requested disclosure because he was a "witness in favor of the defense." As grounds in support of her motion, Mrs. Sotelo asserted disclosure was required because the informant participated in the alleged offense, was present both at the time of the alleged offense and at the time of Mrs. Sotelo's

arrest, and was a material witness on the issue of her culpability.[1] For purposes of our review, we conclude that the assertions implicate rule 508(c)(2), the exception which requires disclosure where the informant may be able to give testimony necessary to a fair determination of the issues of guilt or innocence. *See* Tex.R. Evid. 502(c)(2). We turn to the record evidence.

### III. Relevant Facts [2]

Evidence showed that, on or about October 14, 2002, a narcotics investigation team led by police officer Jose Davila, assigned to the Brownsville Police Department ("BPD") special investigations unit, executed a search warrant to search the Sotelos' residence. The search yielded about sixty-five grams of cocaine and about two pounds of marihuana. As the result, the Sotelos were arrested and subsequently indicted. Four law enforcement officers testified for the State. Police officer Albert Torriz, assigned to the BPD and the FBI task force, testified that he worked with the informant on three previous occasions. On each of the cases, the informant provided credible and reliable information. Two of the cases involved the FBI and Secret Service; another was with the task force. Torriz received information about the presence of narcotics at the Sotelos' residence from the informant. Torriz relayed the information to officer Davila, and the two met with the informant. Torriz told Davila of his prior experience with the informant including that the informant was reliable and credible.

According to Davila, the informant told him (1) he saw cocaine at the Sotelos'

---

1. At the conclusion of the evidentiary hearing, defense counsel argued, in part, that the informant had information material to the defense, stating, "He is a person that can testify as to whether he himself took the drugs there.... [W]e need the confidential informant revealed to develop the defense in this case concerning chain of events and what actually occurred during that time."

2. The hearing also involved the Sotelos' motion to suppress.

residence within the previous forty-eight hours, and (2) the Sotelos were in the business of selling narcotics. The informant did not tell Davila whether he ingested drugs at the Sotelos' residence at the time he saw the drugs there. Davila believed the informant to be credible and reliable because he had previously provided information to the BPD and a narcotics task force which led to seizure of narcotics and arrests in approximately seven cases. Davila had personal knowledge of the conviction of one individual as the result of information the informant provided.[3] The informant did not go to the Sotelos' residence when Davila executed the search warrant. The informant only provided information for purposes of the search warrant. Davila refused to voluntarily disclose the informant's name for fear of retaliation on the man's life.

Police officer Daniel Marks, also assigned to the special investigations unit, testified that he previously worked with the informant on one case and the information provided was reliable and credible and resulted in the seizure of narcotics and arrest of several individuals. Marks learned of the informant through officer Torriz. Marks was present at the time of the Sotelos' arrest at their residence. He testified the informant was not present at the scene.

Both Davila and Marks testified that they had information from sources other than the informant that the Sotelos were involved in narcotics. The other sources included the local narcotics task force, FBI, DEA, and Crimestoppers.

FBI special agent Greg Bodin testified that he worked with the informant once previously and the informant provided information that led to narcotics arrests and seizure. He was familiar with other officers who had used the same informant, who proved to be credible and reliable.

The trial court ruled that the State must reveal the identity of the informant. The State asserted it would not disclose the identity. The trial court dismissed both cases. This appeal ensued.

### IV. Discussion

▮ By their motion to disclose the identity of the informant, the Sotelos implicated rule 508(c)(2) and, thus, must demonstrate that there is a reasonable probability the informer may give testimony necessary to a fair determination of the issue of guilt or innocence. See Bodin, 807 S.W.2d at 318; see also Portillo, 117 S.W.3d at 930. We are mindful that, because the defendant may not actually know the extent of the informant's involvement, he is only required to make a plausible showing of how the testimony may be important. See Portillo, 117 S.W.3d at 930. Even so, evidence from any source, but not mere conjecture or speculation, must be presented to make the required showing that the informer's identity must be disclosed. Bodin, 807 S.W.2d at 318.

In this case, the evidence does not show that the informant may have been able to give testimony necessary to a fair determination of the issues of guilt or innocence. The evidence before the trial court showed that the informant provided information to law enforcement proven to be credible and reliable in prior cases. Evidence showed that the information the informer provided the case agent proved credible and reliable because it led to a narcotics seizure at the Sotelos' residence and their arrest. Evidence established that the informant was not present at the scene at the time of the search, seizure, and arrest leading to the indictment.

---

**3.** Davila had no knowledge of the status of the     remaining cases.

On this record, we conclude that the trial court's ordering disclosure of the informant's identity was outside the zone of reasonable disagreement and, thus, constituted an abuse of discretion. *See Montgomery,* 810 S.W.2d at 380. Accordingly, we sustain the State's sole issue in each case.

## V. Conclusion

Having sustained the State's sole issue in each case, we reverse the ruling of the trial court and remand.