NUMBER 13-03-00412-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JERRY BRICE,                                                                                  Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

     On appeal from the 180th District Court of Harris County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

On June 30, 2005, this Court issued a memorandum
opinion in this case.  On August 29,
2005, appellant, Jerry Brice, filed a petition for discretionary review.  Pursuant to rule 50 of the Texas Rules of
Appellate Procedure, we have reconsidered our original opinion.  See Tex.
R. App. P. 50.  We withdraw our
memorandum opinion of June 30, 2005, and substitute the following as the
corrected opinion of the court.  See
id.








Appellant pleaded guilty to the offense of possession
with intent to deliver a controlled substance. 
After accepting appellant=s plea of guilty, the trial court deferred the
adjudication of guilt, placed appellant on community supervision for a term of
ten years, and assessed a $5,000 fine. 
The trial court has certified that this case is not a plea-bargain case,
and that the defendant has the right of appeal. 
See Tex. R. App. P. 25.2(a)(2).  In a single issue, appellant contends the
trial court erred in denying his motion to disclose the identity of a
confidential informer pursuant to rule 508(c) of the Texas Rules of
Evidence.  See Tex. R. Evid. 508(c).  We affirm.

Because the issues of law presented by this case are
well settled and the parties are familiar with the facts, we will not recite
the law and facts in this opinion except as necessary to advise the parties of
our decision and the basic reasons for it. 
See Tex. R. App. P. 47.4.


We review a trial court's decision to deny a motion
to disclose the identity of a confidential informer under an abuse of
discretion standard.  Taylor v. State,
604 S.W.2d 175, 179 (Tex. Crim. App. 1980); State v. Sotelo, 164 S.W.3d
759, 760 (Tex. App.BCorpus Christi 2005, no pet. h.); Portillo v.
State, 117 S.W.3d 924, 930 (Tex. App.BHouston [14th Dist.] 2003, no pet.).  We will not disturb the trial court's
decision so long as that decision was not so clearly wrong as to lie outside
that zone within which reasonable persons might disagree. See Montgomery v.
State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (en banc); Sotelo,
164 S.W.3d at 760.  We may not substitute
our judgment for that of the trial court; rather, we must decide whether the
trial court=s decision was arbitrary or unreasonable.  Montgomery, 810 S.W.2d at 380.  








While the State has a privilege to refuse to
disclose the identity of a confidential informer, Tex. R. Evid. 508(a), a court may order the State to disclose
the identity of an informer if it appears that the Ainformer may be able to give testimony necessary to
a fair determination . . . on guilt or innocence.@  Tex.
R. Evid. 508(c)(2); Bodin v. State, 807 S.W.2d 313, 317-18 (Tex.
Crim. App. 1991).  A defendant bears the
threshold burden of demonstrating that identity must be disclosed.  Bodin, 807 S.W.2d at 318 (citing Rugendorf
v. United States, 376 U.S. 528, 534-35 (1964)).  AThe informer=s potential testimony must significantly aid the
defendant and mere conjecture or supposition about possible relevancy is
insufficient.@  Id. at
318.  However, because a defendant may
not actually know the nature of the informer=s
testimony, he is only required to make a plausible showing of how the informer=s information may be important.  Id. 
(citing United States v. Valenzuela-Bernal, 458 U.S. 858, 871
(1982)).  

Appellant filed a motion requesting disclosure of
the identity of the confidential informer, asserting that the informer induced
him to commit the offense for which he pleaded guilty.  Appellant argues that without the informer=s testimony, he was unable to pursue an entrapment
defense.  In ruling on appellant=s motion, the trial court relied on affidavits from
both the State and appellant that were submitted for in camera review.  The
affidavits were subsequently sealed and forwarded to this Court for our
review.  See Tex. R. Evid. 508(c)(2) (AEvidence submitted to the court shall be sealed and
preserved to be made available to the appellate court in the event of an
appeal.@); see also Pope v. Stephenson, 787 S.W.2d
953, 954 (Tex. 1990).








            After reviewing the sealed affidavits,
we conclude that appellant=s assertion that the informer induced him to commit
the offense for which he pleaded guilty is no more than mere conjecture or
supposition.  Because appellant failed to
demonstrate how the informer=s testimony would be necessary for a fair
determination of guilt, we hold the trial court did not abuse its discretion in
denying appellant=s motion to compel disclosure of the informer=s identity. 
Appellant=s sole issue is overruled.  

The judgment of the trial court is affirmed.       

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
26th day of September, 2005.