Opinion filed November 30, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed
November 30, 2006                      

 

 

 

 

 

 

                                                                        In The

                                                                              

        Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00104-CV 

                                                     __________

 

                                      IN
THE MATTER OF J.M.A.B.

 

                                                              



                                       On
Appeal from the County Court at  Law

 

                                                        Midland County, Texas

 

                                                     Trial
Court Cause No. 5142

 



 

                                              M
E M O R A N D U M  O P I N I O N

This is an appeal from a modification hearing of
J.M.A.B.=s
community supervision.  The trial court
sentenced appellant to the Texas Youth Commission. We affirm. 

Background Facts 








In November 2003, the trial court adjudicated that
appellant was a child who had engaged in delinquent conduct and placed him on
community supervision for a period of one year under the supervision of the
Midland County Juvenile Probation Office in the Intensive Supervision
Program.  Appellant=s community supervision conditions
included requirements that he commit no offense against the laws of the State
of Texas,
report to the probation officer, and abide by curfew regulations.  In October 2004, the State filed a motion to
modify appellant=s
disposition alleging that appellant violated his community supervision by (1)
unlawfully, intentionally, and knowingly possessing a usable quantity of
marihuana of two ounces or less in, on, and within 1,000 feet of property owned
by a school in violation of Tex. Health
& Safety Code Ann. '
481.134 (Vernon Supp. 2006); (2) unlawfully and knowingly, with intent to
deceive, making a false statement that was material to a criminal investigation
to a peace officer conducting an investigation in violation of Tex. Pen. Code Ann. ' 37.08 (Vernon 2003); (3) failing to
report to his probation officer on six different occasions; and (4) failing to
follow curfew regulations on four different occasions.  Appellant pleaded not true to the State=s allegations, and the trial court
conducted a hearing on the motion to modify appellant=s
disposition.

The evidence at the modification hearing showed
that appellant was a student at Midland
 Freshman School.  Guadalupe Sanchez, a Midland ISD police
officer, received a tip from another student at Midland Freshman that appellant
was in possession of marihuana.  Officer
Sanchez called appellant into the school office and asked him to empty his
pockets.  Appellant removed a tin
canister from one of his pockets.  A
rolled cigar containing what appeared to be marihuana was inside the canister.  Tests performed on the contents of the cigar
showed that the contents contained marihuana.

Further evidence was offered as to the other
allegations in the motion to modify disposition, but that evidence is not
relevant to this appeal.  The trial court
found the allegations in the State=s
motion to modify disposition to be true and sentenced appellant to the Texas
Youth Commission for an indeterminate period of time not to exceed the time
when appellant would be twenty-one years of age.

Issues on Appeal

Appellant raises two issues on appeal.  First, appellant contends that the trial
court abused its discretion in not ordering the State to divulge the name of
the confidential informant who implicated appellant.  Second, appellant contends that the trial
court abused its discretion in admitting State=s
Exhibit Number One because there was not a showing of the complete chain of
custody. 

Standard of Review








We review the trial court=s
decision to admit evidence under an abuse of discretion standard.  Weatherred v. State, 15 S.W.3d 540,
542 (Tex.
Crim. App. 2000).  We also review a trial
court=s
decision not to require disclosure of a confidential informant under an abuse of
discretion standard.  State v. Sotelo,
164 S.W.3d 759, 760 (Tex.
App.CCorpus
Christi 2005, no pet.) (citing Taylor v. State, 604 S.W.2d 175, 179
(Tex. Crim. App. 1980)).  As long as the
trial court=s ruling
is within the zone of reasonable disagreement, the trial court does not abuse
its discretion, and its ruling will be upheld. 
Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Disclosure of Confidential Informant 

Appellant argues that the trial court should have
required the State to reveal the name of the informant.  Appellant=s
attorney asked Officer Sanchez the name of the student who provided the
tip.  Officer Sanchez asserted the
privilege to refuse to disclose the name of his informant.  When further asked when, where, and how the
informant observed appellant in possession of marihuana, Officer Sanchez again
asserted the privilege, stating that the information could enable appellant to
identify the informant.  Appellant
objected to Officer Sanchez=s
refusal to answer the question and requested the court to require him to
answer.  The court overruled the
objection and did not require Officer Sanchez to reveal the name of the
informant or when, where, and how the informant observed appellant in
possession of marihuana.

The State has the privilege to refuse to disclose
the identity of a person who has furnished information leading to an arrest or
investigation for a possible violation of the law.  Tex.
R. Evid. 508(a).  There are three
exceptions to the rule. The privilege does not apply if the informer=s identity has been voluntarily
revealed, if the informer may be able to give testimony necessary to a fair
determination of guilt or innocence, or if the court is not satisfied that the
information was obtained from an informant reasonably believed to be
reliable.  Tex. R. Evid. 508(c). 
The defendant requesting the disclosure of the informant has the burden
to demonstrate that there is a reasonable probability the informant may give
testimony necessary to a fair determination of the issue of guilt or
innocence.  Bodin v. State, 807
S.W.2d 313, 318 (Tex. Crim. App. 1991). 
The defendant must  show how the
identity of the informant will aid the defendant in the case.  However, mere conjecture and supposition
about the possible relevancy of the informant=s
identity is not enough.  Id.








On appeal, appellant contends that the informant
was a material witness in the case and important in determining appellant=s guilt or innocence.  We disagree. 
Officer Sanchez received a tip from another student that appellant was
in possession of marihuana.  Officer
Sanchez testified that the informant told him that A[h]e
is going to be in possession of mari[h]uana, because he has got a cigar with
him with mari[h]uana.@  Officer Sanchez also testified that the
informant told him the cigar would be in appellant=s
pocket and that the informant had seen the cigar in appellant=s possession.  Officer Sanchez testified that he had
received tips from this student before and that the information obtained
previously had been accurate about ninety percent of the time.

In this case, appellant did not demonstrate that
the informant would have been able to give any testimony necessary to a fair
determination of appellant=s
guilt or innocence.  The informant
provided information to Officer Sanchez that was proven to be accurate and
reliable in this case.  The informant was
not present at the scene at the time of the search.  The trial court did not abuse its discretion
by not requiring the disclosure of the informant=s
identity.  We overrule appellant=s first issue.

Chain of Custody

Appellant argues that the trial court should not
have admitted into evidence State=s
Exhibit Number One B the tin
canister, the marihuana cigar, and the bag containing the evidence.  Appellant contends that the State did not
show a proper chain of custody because it did not present testimony from the
person who transported the evidence from the school to the DPS laboratory.

As a 
condition precedent to admissibility, the party offering an item into
evidence must show that the item is what the party represents it to be.  Tex.
R. Evid. 901(a).  When an item
lacks unique characteristics, a chain of custody is required to show that the
item offered is the same as the item involved in the events at issue.  Avila
v. State, 18 S.W.3d 736, 739 (Tex.
App.CSan
Antonio 2000, no pet.). The chain of custody is conclusively established when
the person seizing the evidence testifies that he seized the evidence, tagged
the evidence, placed an identifying mark on the evidence, placed the evidence
in evidence storage, and retrieved the evidence for trial.  Lagrone v. State, 942 S.W.2d 602, 617
(Tex. Crim. App. 1997).  If the evidence
is sent to a lab for testing, the proponent of the evidence must introduce
testimony that the lab handled the evidence in the same way.  Avila,
18 S.W.3d at 739.  When the proponent of
the evidence shows the beginning and the end of the chain of custody, any gaps
in between go to the weight and credibility of the evidence rather than the
admissibility of the evidence.  Beck
v. State, 651 S.W.2d 827 (Tex. App.CHouston
[1st Dist.] 1983, no pet.).








Officer Sanchez testified that the contents of
State=s Exhibit
Number One were the tin canister appellant took out of his pocket and the cigar
that was inside the tin canister.   He
further testified that he marked the bag containing the evidence with the date,
time, place of recovery, and appellant=s
name.  Officer Sanchez also testified
that, after marking the bag, he sealed it and placed it in the evidence
locker.  He further testified that the
evidence offered as State=s
Exhibit Number One was in the same or a substantially similar condition as it
was when he placed it in the bag.

Bob Wheeler, a supervisor and lab technician for
the Texas Department of Public Safety, testified that he analyzed the evidence
offered in State=s Exhibit
Number One.  He testified that he
received State=s Exhibit
Number One from Ken Moten, an employee of the Midland County District Attorney=s Office.  Wheeler testified that the bag containing the
evidence was sealed and that he broke the seal. 
He further testified that he marked the bag with the lab case number,
his initials, and the date that he resealed the bag after taking out a sample
for testing.

This testimony clearly shows the beginning and the
end of the chain of custody of State=s
Exhibit Number One.  There was no
evidence that the evidence had been tampered with prior to trial.  The testimony established that the evidence
was in the same or a substantially similar condition at the time it was offered
at trial as it was when Officer Sanchez took it from appellant=s possession.  Proof of the beginning and the end of the
chain of custody absent any showing of tampering or alteration is sufficient to
support admission of the evidence.  Stoker
v. State, 788 S.W.2d 1,10 (Tex. Crim. App. 1989).  The trial court did not abuse its discretion
in admitting State=s Exhibit
Number One.  We overrule appellant=s second issue. 

Conclusion

The trial court=s
judgment is affirmed. 

 

November 30, 2006                                                                 RICK
STRANGE

Panel consists of: Wright,
C.J.,                                                  JUSTICE

McCall,
J., and Strange, J.