**Affirmed and Memorandum Opinion filed August 30, 2016.**



**In The**

# Fourteenth Court of Appeals

NO. 14-15-00468-CR
NO. 14-15-00469-CR

**ROOSEVELT HART, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 1425126 & 1425127**

## M E M O R A N D U M   O P I N I O N

A jury convicted Roosevelt Hart of possession with intent to deliver a controlled substance, namely phencyclidine, weighing more than 200 grams and less than 400 grams, and possession of marijuana weighing more than 4 ounces and less than 5 pounds. In two issues, appellant contends the trial court abused its discretion by failing to order disclosure of a confidential informant's identity and

that disclosure of the informant's identity was required under the Michael Morton Act. We affirm.

**BACKGROUND**

## I. Probable Cause Affidavit and Search Warrant

On April 15, 2014, Officer Robert Lara of the Houston Police Department's narcotics division swore to an affidavit in support of a search warrant. According to the affidavit, the residence to be searched was an apartment home at 3542 ½ Des Chaumes St. in Houston, Texas. In addition to providing a description of the home, the affidavit stated the residence was controlled by a black male identified as appellant, also known as "Blade," and an unknown black female. Lara believed appellant was in possession of the illegal controlled substance phencyclidine ("PCP"). Lara swore he had probable cause based on information from a credible and reliable confidential informant. The informant had seen PCP on "many occasions" and could easily identify the substance by both sight and smell. The informant had also provided Lara with reliable information on at least three prior occasions.

Within 48 hours prior to seeking the search warrant, Lara met with the informant in an unmarked vehicle, drove him/her to a secluded area, and searched him/her for contraband, weapons, and money, of which there was none. Lara subsequently provided the informant with city-issued money and drove him/her to 3542 ½ Des Chaumes St. Lara observed the informant enter through the front door.

Upon returning to the car, the informant told Lara that Blade answered the door and told him/her to enter the apartment. When the informant entered, a female was sitting on the living room couch. Blade asked the informant what he/she

wanted, and the informant responded, "wet."[1] The informant gave Blade the city-issued money, and Blade told the female on the couch to give the informant the requested drugs. According to the informant, the female gave him/her "several vials containing a clear liquid substance." The informant took the vials and told Blade he/she would return to buy more, to which Blade responded he had more and to just call him or come by the house.

Lara observed the informant exiting the apartment and returning to the unmarked vehicle. The informant gave Lara the vials of "wet." Lara then drove to a secluded area and again searched the informant for contraband, finding nothing. Lara then delivered the vials to the Houston Police Department Forensic Science Center for priority testing. Testing confirmed the substance as PCP.

Lara additionally swore in the affidavit that within 48 hours prior to executing the search warrant, he also conducted surveillance of 3542 ½ Des Chaumes St. and observed pedestrian and vehicular traffic "consistent with narcotics trafficking." Moreover, Lara and the confidential informant had previously purchased vials of "wet" from Blade on April 9, 2014, at the same apartment home. Additional research showed that appellant had a driver's license[2] issued to him at this address and that he is a documented gang member, known to Northeast Tactical Officers as using the nickname "Blade" and living at the address in question.

Based on this probable cause affidavit, a magistrate signed a search warrant authorizing a search of 3542 ½ Des Chaumes St.

---

[1] According to the affidavit, "wet" is a street term used to describe phencyclidine.

[2] At trial, Lara testified that it was actually a state-issued identification card.

## II. Rule 508 Motion

Prior to trial, the trial court signed a standard discovery order in both cases. Subsequently, appellant filed a motion to require the disclosure of the confidential informant's identity. The motion argued, inter alia, that the informant participated in the commission of the charged offense; was present at the time of the charged offense; and was a material witness on the issue of appellant's guilt or innocence as well as the issue of entrapment. The motion further contended that failure to disclose information about the informant violated appellant's rights under the Fifth, Fourth, and Fourteenth Amendments of the United States Constitution, Article I, Section 19 of the Texas Constitution, and Article 1.04 of the Texas Code of Criminal Procedure.

During a hearing on the motion, appellant argued that disclosure of the informant's identity was required under Rule 508 of the Texas Rules of Evidence. Specifically, appellant contended the informant's statements provided the basis for the probable cause in the affidavit in support of the search warrant, which resulted in the offenses charged. Appellant argued the informant's testimony could potentially undermine the reliability of this probable cause. Appellant further argued the informant's testimony as to whether appellant was in possession of drugs prior to the search was relevant with regard to whether appellant was actually in possession of drugs on the day he was arrested. Appellant urged the trial court to order the State to disclose the informant's identity because the informant "could give testimony that could provide a fair determination of [his] guilt or innocence." Appellant urged the trial court to at least conduct an in camera hearing to determine whether the informant could provide testimony necessary to a fair determination of guilt or innocence.

The State responded that appellant's contentions were "mere conjecture or

4

supposition or hypotheticals." The State argued that absent some solid evidence, appellant failed to make a threshold showing that disclosure of the informant's identity was required under Rule 508.

The trial court found there was no evidence to indicate the informant was present at the time the warrant was executed or that the informant could provide any testimony to help the jury or court decide the ultimate question of guilt or innocence. The trial court then denied the motion.

## III. Trial

At trial, Lara testified that he executed the search warrant on April 16, 2014, with the assistance of his squad and a tactical team. In order to gain entry into the home, the officers used a flash device and a battering ram. Upon entry into the home, Lara observed an "overwhelming smell of PCP." After securing the area, Lara discovered appellant in one of the bedrooms and detained him with handcuffs before placing him in a police vehicle. No drugs were found on appellant. In addition to appellant, a female[3] and three children were inside the home. Lara and his team then proceeded to conduct a search of the home.

Lara first entered the master bedroom where, in addition to both men's and women's clothing, he observed several small vials which he identified as vials often used to store PCP for individual sale. Lara also discovered a Bud Light plastic bottle that contained PCP, as well as a baby bottle and "suctioner" containing traces of PCP. According to Lara, the suctioner is often used to suction PCP out of a larger bottle in order to put it into the individual vials. In the same area, Lara also found a pistol along with a large brick of marijuana and a scale with drug residue on it.

---

[3] Appellant's co-defendant, Denise Matson.

5

Lara testified that the officers then searched for evidence linking appellant and his co-defendant to the location. This search resulted in mail addressed to the appellant at 3542 ½ Des Chaumes St. as well as appellant's state-issued identification card with a matching address. The officers also recovered approximately $3,000 in cash.

Officer Christian Dorton of the Houston Police Department also testified at trial as a member of the tactical team involved in executing the search warrant. Dorton testified that he had previously conducted surveillance on the location in question and was "very familiar" with appellant. Dorton had seen appellant at 3542 ½ Des Chaumes St. on "many occasions."

Dorton also confirmed that there was a very strong smell of PCP upon entry into the residence. According to Dorton, they recovered a large vial of PCP; Dorton stated he had "never seen a vial that large." Dorton further testified that the amount of PCP found in the house, combined with numerous vials, demonstrated that it was being packaged for sale.

Following testimony from a forensic scientist confirming the amount and nature of the substances found, a jury found appellant guilty of both offenses as charged. On May 7, 2015, the jury assessed punishment as 28 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine for the possession with intent to deliver phencyclidine charge, and 3 years' imprisonment and a $500 fine for the possession of marijuana charge. The sentences were ordered to run concurrently. Appellant did not file a motion for new trial. This appeal timely followed.

**ANALYSIS**

In two issues, appellant contends the trial court abused its discretion by failing to order disclosure of a confidential informant's identity and that disclosure

of the informant's identity was required under the Michael Morton Act.

## I. Trial Court Error

We review a trial court's denial of a request for disclosure of a confidential informant's identity for abuse of discretion. *Ford v. State*, 179 S.W.3d 203, 210 (Tex.App.—Houston [14th Dist.] 2005, pet. ref'd). We affirm the ruling unless the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008); *see Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court acted arbitrarily or unreasonably without reference to any guiding rules or principles. *Id.* at 380.

The State has the privilege to refuse to disclose an informant's identity. Tex. R. Evid. 508(a). However, if it appears from the evidence in the case or from some other showing that an informant may be able to give testimony necessary to a fair determination of guilt or innocence, "the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony." Tex. R. Evid. 508(c)(2). Under Rule 508, the defendant has the burden to make a plausible showing that an informant could give testimony necessary to a fair determination of guilt or innocence. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991). The defendant is required to make only a plausible showing of how the informant's information may be important. *See Anderson v. State*, 817 S.W.2d 69, 71 (Tex. Crim. App. 1991). However, the defendant must demonstrate the informant's potential testimony would significantly aid the defendant and mere conjecture or supposition about possible relevancy is insufficient. *Brokenberry v. State*, 853 S.W.2d 145, 148 (Tex. App.— Houston [14th Dist.] 1993, pet. ref'd). Only after the defendant makes a plausible

showing is the trial court required to hold an in camera hearing to determine whether disclosure is necessary. *Id.*

If a defendant shows that a confidential informant was an eyewitness to the alleged offense, then that informant is in a position to give testimony necessary to a fair determination of guilt or innocence. *Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th] 2005, pet. ref'd) (citing *Anderson v. State*, 817 S.W.2d 69, 72 (Tex. Crim. App. 1991) (en banc)). However, if information provided by the informant is used *only* to establish probable cause for a search warrant and the informant neither participated in the charged offense nor was present when the search warrant was executed, the informant's identity need not be disclosed because his testimony is not necessary to a fair determination of guilt or innocence. *Ford*, 179 S.W.3d at 210 (citing *Washington v. State*, 902 S.W.2d 649, 656–57 (Tex. App.—Houston [14th] 1995, pet. ref'd)).

Here, appellant contends disclosure of the confidential informant's identity is warranted because in addition to providing the information used to support the probable cause search warrant, the informant was an active witness to and participant in the offenses for which appellant was convicted. Specifically, appellant asserts the confidential informant is a "material witness as to both the distribution element [of the possession with intent to distribute PCP offense] and the possible affirmative defense of entrapment." Based on this evidence, according to appellant, he made a sufficient threshold showing that the informant could be a fact witness necessary to a fair determination of guilt or innocence, and the trial court abused its discretion by failing to order the State to disclose the informant's identity.

During the hearing on the motion to disclose, the State argued, and the trial court found, that appellant failed to present any evidence beyond the initial

probable cause search warrant demonstrating the informant's identity should be revealed or even that an in camera hearing should be held to determine whether disclosure was necessary. Specifically, the trial court determined there was no evidence to indicate the informant was present at the time the warrant was executed or that the informant had any information that would assist in a fair determination of appellant's guilt or innocence.

Notably, the court cited *State v. Sotelo*, 164 S.W.3d 759 (Tex. App.—Corpus Christi 2005, no pet.) in support of its decision. In *Sotelo*, the appellate court held the trial court abused its discretion in ordering disclosure of an informant's identity when the evidence showed the informant provided credible and reliable information to law enforcement on prior cases; the information provided to the case agent proved credible and reliable because it resulted in a narcotics seizure and arrest in the instant case; and the informant was not present at the scene at the time of the search, seizure, and arrest leading to the indictment. 164 S.W.3d at 763. We are presented with similar evidence here. Under these circumstances, appellant fails to demonstrate the informant's testimony was necessary to a fair determination of guilt or innocence.

Nor are we persuaded that disclosure of the informant's identity prevented appellant from putting on a potential defense of entrapment. In order to establish a defense of entrapment, a defendant must show that he engaged in the conduct charged because he was induced to do so by a law enforcement agent, who used persuasion or other means likely to cause persons to commit the offense. Tex. Penal Code Ann. §8.06(a) (West 2015). However, conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. *Id.* Again, there is no evidence here that the informant was present for or involved in the actual possession offenses with which appellant was charged.

In light of the record before us, appellant fails to demonstrate the trial court's denial of his motion to disclose the informant's identity was outside the zone of reasonable disagreement. Accordingly, we overrule appellant's first issue.

## II. Disclosure under the Michael Morton Act

In his second issue, appellant contends the Michael Morton Act ("the Act") required disclosure of the informant's identity because it was relevant, material, and potentially exculpatory. More specifically, appellant argues a reasonable construction of the statute, when "read in concert" with Rule 508, mandated disclosure. The State argues appellant failed to preserve error for appeal with regard to this issue. We agree.

To preserve error for appeal, a party is required to make a timely request, objection or motion to the trial court and obtain an express or implied ruling. Tex. R. App. P. 33.1(a); *Douds v. State*, 472 S.W.3d 670, 673 (Tex. Crim. App. 2015). The requirement of a timely, specific objection serves two purposes: (1) it informs the trial judge of the basis of the objection and affords the judge an opportunity to rule on it, and (2) it affords opposing counsel an opportunity to respond to the objection. *Douds*, 472 S.W.3d at 674.

The Court of Criminal Appeals has "long eschewed hyper-technical requirements for error preservation." *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016). Specific words are usually not required to preserve a complaint; rather, a party need only "let the trial court know what he wants and why he feels himself entitled to it clearly enough for the judge to understand him." *Id.* Still, a general or imprecise objection "will not preserve error for appeal unless the legal

10

basis for the objection is *obvious* to the court and to opposing counsel." *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (emphasis in original).

The Act creates a general, continuous duty of the State to disclose before, during, or after trial any discovery evidence tending to negate the guilt of the defendant or reduce the punishment the defendant could receive. *See* Michael Morton Act, 83rd Leg., R.S., ch. 49, § 3, 2013 Tex. Sess. Law Serv. 1611 (codified as Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2014)); *Gonzales v. State*, No. 04–14–00222–CR, 2015 WL 4273261 (Tex. App.—San Antonio 2015, no pet.) (not designated for publication). Article 39.14 provides, in relevant part:

> Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things *not otherwise privileged* that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state.

Tex. Crim. Proc. Code Ann. Art. 39.14(a) (West 2015) (emphasis added).

In his written motion, appellant contended failure to disclose the informant's identity violated his rights under both the federal and state constitutions as well as Article 1.04 of the Texas Code of Criminal Procedure, which governs due course of law. At the hearing on his motion, appellant argued disclosure was required under Rule 508. Now, on appeal, appellant asks for the first time that we consider

11

whether the Act, when read in concert with Rule 508, mandates disclosure of the confidential informant's identity in this case. Specifically, appellant urges this court to grant relief based on statutory construction and legislative intent, contending this criminal discovery statute requires disclosure of all written and recorded witness statements material to the case in spite of the Rule 508 privilege. Appellant contends his general request for discovery from the State is sufficient to preserve this argument for appeal. However, there is no evidence the trial court was put on notice of this argument. Accordingly, we conclude appellant failed to preserve this argument for appeal. *See* Tex. R. App. P. 33.1(a). We overrule appellant's second issue.

### CONCLUSION

We affirm the judgment of the trial court.

/s/     Ken Wise
Justice

Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).