**Pablo Antonio PORTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–02–01054–CR, 14–02–01056–CR, 14–02–01057–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 2, 2003.

Norman J. Silverman, Houston, for appellant.

Shirley Cornelius, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

In this appeal, appellant Pablo Antonio Portillo challenges, without a reporter's record, the trial court's denial of a motion to disclose the identity of a confidential informant. We affirm the trial court's judgment in cause number 14–02–01057–CR. We dismiss cause numbers 14–02–01054–CR and 14–02–01056–CR for want of jurisdiction.

### FACTUAL & PROCEDURAL BACKGROUND

In cause number 14–02–01054–CR, appellant was indicted in 1993 for delivery of a controlled substance. After appellant pleaded guilty, the trial court deferred adjudication of guilt and placed appellant on community supervision for five years. Appellate cause number 14–02–01054–CR, trial court cause number 666326, will be referred to as cause number 1054.

In cause number 14–02–01056–CR, appellant was indicted in 1994 for possession of a controlled substance. Appellant again pleaded guilty, and the trial court deferred adjudication of guilt and placed appellant on community supervision for ten years. Appellate cause number 14–02–01056–CR, trial court cause number 9400102, will be referred to as cause number 1056.

In cause number 14–02–01057–CR, appellant was indicted in 2001 for unlawfully and knowingly possessing more than 400 grams of cocaine with intent to deliver. Appellate cause number 14–02–01057–CR, trial court cause number 891989, will be referred to as cause number 1057. As a result of this third indictment, the State

filed motions to adjudicate guilt in the two earlier cases.

On April 16, 2002, appellant filed a motion in all three cases to disclose the identity of all alleged informants relied upon by the State, even though the only case involving an informant was cause number 1057. On June 11, 2002, appellant filed an affidavit with the trial court. In the affidavit, appellant stated a "witch doctor" named Gustavo gave him a potion to drink that would bring him luck at the casino, but that it made him "feel very strange." Appellant claimed that, while under the influence of the potion, he was contacted by Gustavo and thereafter agreed to deliver a package for him. During the delivery, the police stopped appellant and recovered the package allegedly containing cocaine. On July 22, 2002, appellant filed an amended affidavit adding that he felt "disoriented and out of [his] mind," that he "behaved irrationally," and that he "was not at all [him]self." Appellant claimed that he would never have delivered the package if not for the influence of the potion. Appellant alleged in his motion that Gustavo was actually an agent of the state and as such entrapped appellant into delivering the package. On July 22, 2002, the trial court heard appellant's motion to disclose the informant's identity *in camera* and denied the same by written order signed that day.

Although the case proceeded to a jury trial, appellant ultimately entered a plea of guilty with an agreed recommendation of 20–years' confinement. The trial judge found appellant guilty and sentenced him to 20–years' confinement on August 20, 2002. Based on appellant's guilty plea in cause number 1057, the trial court revoked his community supervision in cause numbers 1054 and 1056, and the trial court adjudicated appellant guilty and sentenced him to concurrent sentences of 25–years'

confinement plus a $500 fine, and 20–years' confinement plus a $1000 fine, respectively. Appellant now complains of the trial court's July 22, 2002 order denying his motion to disclose the informant's identity.

### APPEAL IN CAUSE NUMBERS 1054 AND 1056

 Appellant filed notices of appeal in cause numbers 1054 and 1056. We presume, in the absence of a reporter's record, the appeal in those two cases is grounded on the contention the trial court lacked any basis for adjudicating his guilt because he was entrapped and therefore not guilty of breaking any conditions of probation.[1] We first address whether the convictions in causes 1054 and 1056 are appealable based on the trial court's possible abuse of discretion in failing to grant the motion to disclose the informant's identity.

Article 42.12 of the Code of Criminal Procedure is dispositive of this issue. It states:

The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (emphasis added). This section expressly provides there shall be no appeal taken from the trial court's determination to proceed with an adjudication of guilt. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992). The Court of Criminal Appeals has held that "given the plain meaning of Article 42.12, § 5(b), an appellant whose deferred adjudication probation has been revoked and who has been adjudicated guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt process." *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999). Accordingly, a court that properly finds a defendant could not appeal the trial court's decision to adjudicate must dismiss the appeal without reaching the merits. *Id.*; *See, e.g., Porter v. State*, 93 S.W.3d 342, 343–44 (Tex.App.-Houston [14th Dist.] 2002, pet. ref'd) (holding appellant may not appeal the trial court's adjudication of guilt on original offenses for violation of community supervision conditions based on alleged error in subsequent offense).

Appellant has not provided any argument that would prevent application of this rule to his appeal. Accordingly, we dismiss the appeals in cause numbers 14–02–01054–CR and 14–02–0156–CR for want of jurisdiction.

---

1. Appellant's only issue presented on appeal is whether "[t]he trial court erred in denying Appellant's Motion to Disclose the Identity of the Informant." Cause numbers 1054, 1056, and 1057 have been consolidated into a single appeal, and we will presume appellant's sole issue regarding the informant applies to all three appellate cause numbers. *See* TEX. R.APP. P. 38.1(e) (providing "The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."). Rule 38.9 of the Texas Rules of Appellate Procedure also provides that "[b]ecause briefs are meant to acquaint the court with the issues in a case ... substantial compliance with this rule is sufficient...." *See also Stephenson v. LeBoeuf*, 16 S.W.3d 829, 843–44 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (holding Rule 38.1 was intended to ensure that cases are decided on their merits, rather than dismissed on technical grounds, and stating that "[a]ppellate courts must now look to the argument to determine the nature of complaints, including any subsidiary issues, rather than the points or issues alone. If the court is able to ascertain the nature of the complaint from the argument, the issue will be preserved for appellate review.").

APPEAL IN CAUSE NUMBER 1057

### Standard of Review and Legal Standard

 In his sole issue, appellant argues that the trial court erred in denying his motion to disclose the identity of a confidential informant. We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *Sanchez v. State*, 98 S.W.3d 349, 356 (Tex.App.-Houston [1st Dist.] 2003, pet. filed); *Washington v. State*, 902 S.W.2d 649, 657 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd). Under this standard, the Court of Appeals reverses only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App.1990); *Daniels v. State*, 63 S.W.3d 67, 69 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd). We may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court's decision was arbitrary or unreasonable. *Montgomery*, 810 S.W.2d at 380; *Daniels*, 63 S.W.3d at 70. This court must consider all of the circumstances of the case to determine whether the trial court abused its discretion by not requiring the State to disclose the informer's identity. *Bridges v. State*, 909 S.W.2d 151, 157 (Tex.App.-Houston [14th Dist.] 1995, no writ).

 When a defendant files a motion to disclose the identity of a confidential informant, the State has a privilege to withhold the identity of any person who has provided information relating to or assisting in an investigation of a possible violation of a law. TEX.R. EVID. 508(a); *Washington v. State*, 902 S.W.2d at 655–56. In order to overcome the State's privilege, the defendant bears the threshold burden of demonstrating there is a reasonable probability the informer may give testimony necessary to a fair determination of the issue of guilt or innocence. *Loving v. State*, 882 S.W.2d 42, 44–45 (Tex.App.-Houston [1st Dist.] 1994, no pet.). The informant's potential testimony must significantly aid the defendant, and mere conjecture or supposition about possible relevancy is insufficient. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex.Crim.App.1991). The filing of a motion to disclose is insufficient to obtain a hearing, much less compel disclosure. *Id.* However, because the defendant may not actually know the extent of the informant's involvement, he is only required to make a plausible showing of how the testimony may be important. *Id.*

 If the defendant meets this initial burden, the State must be given an opportunity to show, *in camera*, facts relevant to whether the informer can supply the alleged testimony. TEX.R. EVID. 508(c)(2); *Sanchez*, 98 S.W.3d at 356. The judge should order disclosure of the informant's identity if the judge finds a reasonable probability exists that the informer could give testimony necessary to a fair determination of guilt or innocence. *Sanchez*, 98 S.W.3d at 356.

### No Showing of Abuse of Discretion

 The clerk's record indicates that the trial judge held an *in camera* hearing to determine whether to order disclosure of the alleged confidential informant. According to the trial court's docket, a court reporter was present at the hearing; however, the reporter's record is not before this court. Appellant never paid for the record, nor filed a motion or affidavit to support a claim of indigence.[2] Appellant

---

**2.** Texas Rule of Appellate Procedure 20.2 provides that "an appellant who is unable to pay

for the appellate record may, by motion and affidavit, ask the trial court to have the appel-

asks this court to determine whether the trial court abused its discretion based solely on the clerk's record. Here, the absence of a reporter's record is fatal to appellant's contention that the trial court abused its discretion in denying his Rule 508 motion. Because there is no reporter's record to support appellant's claim and the clerk's record alone does not show an abuse of discretion, we must affirm.

Appellant timely filed the notice of appeal on September 19, 2002. Since no post-judgment motions were filed, this court notified the reporter that the record would be due on October 21, 2002.[3] This court sent a letter to the court reporter on November 22, 2002, stating that the reporter's record had not been filed and ordered that it be produced within fifteen days. The court reporter filed a request for an extension of time to file the record because appellant had not made arrangements for payment of the record. In her request, she indicated that she had spoken with appellant's counsel in person regarding payment of the required fees; however, no arrangements were ever made after their conversation. On December 3, 2002, this court sent a letter directly to appellant's counsel directing counsel to make arrangements for payment of the record within fifteen days, otherwise the court would decide the issues not requiring a reporter's record. *See* Tex.R.App. P. 37.3. No response was filed. Thus, on January 9, 2003, we issued an order requiring appellant to file a brief by February 7, 2003.

Although the court reporter is responsible for preparing, certifying, and timely filing the reporter's record, that responsibility is conditioned upon the appellant's filing a notice of appeal, requesting that the reporter's record be prepared, and paying for the reporter's record. Tex. R.App. P. 35.3(b); *Rodriguez v. State,* 970 S.W.2d 133, 134 (Tex.App.-Amarillo 1998, pet. ref'd). The Rules of Appellate Procedure provide:

> [I]f the clerk's record has been filed, the appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because: (1) the appellant failed to request a reporter's record; or (2)(A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and (B) the appellant is not entitled to proceed without payment of costs.

Tex.R.App. P. 37.3(c). Because appellant has failed to provide a reporter's record, and we have supplied ample opportunity to do so, we must determine whether the issue presented by appellant may be decided without a reporter's record. *Id.*

Whether the trial court abused its discretion in denying appellant's motion to disclose the identity of an informant is dependent upon the evidence presented during the *in camera* hearing. This evidence would exist only in the reporter's record, not the clerk's record. Thus, the clerk's record alone cannot provide the basis for our resolution of appellant's assertion of error.

---

late record furnished without charge." No motion or affidavit was filed. Thus, nothing in the record indicates appellant is indigent or in any way unable to pay for a reporter's record. Indeed, the fact that appellant retained legal counsel and failed to pursue many opportunities to establish his indigence imply appellant is not indigent.

**3.** Appellant's counsel also received copies of all correspondence sent from this court to the court reporter advising of deadlines associated with filing of the reporter's record.

■ It is the defendant's burden to make a threshold showing that an informant may be able to give testimony necessary to a fair determination of the issues of guilt or innocence. *Loving*, 882 S.W.2d at 45. Appellant has not made that threshold showing. It is true that the showing required by the defendant will ordinarily be in the form of affidavits. TEX.R. EVID. 508(c)(2). The record before this court contains two affidavits from appellant. These are not, however, evidence because there is no record demonstrating these affidavits were properly introduced into evidence. Affidavits do not become evidence in a criminal case until they are introduced into evidence.[4]

■ This court is required to review the reporter's record to determine whether the trial court's decision denying appellant's request for the informant's identity constituted an abuse of discretion. *See Narvaiz v. State*, 840 S.W.2d 415, 428 (Tex. Crim.App.1992) (finding no abuse of discretion where appellant failed to demonstrate in the record that trial court's denial of venue motion was outside realm of reasonableness); *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex.App.-Amarillo 1999, no pet.) (holding no abuse of discretion in denying temporary injunction because no reporter's record was produced and show-ing abuse depended on evidence submitted to trial court). The trial court's decision will not be disturbed so long as it is within the realm of reasonableness given the record that was before the trial court. *Narvaiz*, 840 S.W.2d at 428. Here, without a reporter's record of the *in camera* proceedings, appellant has shown us nothing demonstrating the trial court had evidence the informant may have been able to give testimony necessary to a fair determination of the issues of guilt or innocence. It follows appellant has not, and indeed cannot, demonstrate the trial court's denial of his motion was outside the realm of reasonableness, and constituted an abuse of discretion. Accordingly, we overrule appellant's sole issue and affirm the decision of the trial court.

### CONCLUSION

We dismiss the appeals in 14–02–01054–CR and 14–02–01056–CR for want of jurisdiction. We affirm the judgment in cause number 14–02–01057–CR.

---

4. Texas Evidence Rule 508(c)(2) provides "evidence submitted to the [trial] court shall be sealed and preserved to be made available to the appellate court in the event of an appeal...." The record before this court does not contain any evidence under ʻseal. The absence of any evidence in that condition supports our conclusions that appellant's affidavits were not submitted to the trial court, and do not constitute evidence.