NUMBER 13-03-00412-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


JERRY BRICE,                                                                                  Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


     On appeal from the 180th District Court of Harris County,
Texas.

                                                                                                                        

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum Opinion by
Justice Hinojosa








Appellant, Jerry Brice, pleaded guilty to the
offense of possession with intent to deliver a controlled substance.  After accepting appellant=s plea of guilty, the trial court deferred
adjudication of guilt, placed appellant on community supervision for a term of
ten years, and assessed a $5,000 fine. 
The trial court has certified that this case is not a plea-bargain case,
and the defendant has the right of appeal. 
See Tex. R. App. P. 25.2
(a)(2).  In a single issue, appellant
contends the trail court erred in denying his motion to disclose the identity
of a confidential informant pursuant to rule 508(c) of the Texas Rules of
Evidence.  See Tex. R. Evid. 508(c).  We affirm.

As this is a memorandum opinion not designated for
publication and because all issues of law presented by this case are well
settled and the parties are familiar with the facts, we will not recite the law
and the facts here except as necessary to advise the parties of our decision
and the basic reasons for it.  See Tex. R. App. P. 47.4.

Rule 508(c)(2) of the Texas Rules of Evidence
requires the State to disclose the identity of an informant when there is a
reasonable probability that the informant can provide testimony necessary to a
fair determination of the issue of the defendant=s
guilt or innocence.  Tex. R. Evid. 508(c).  The defendant has the threshold burden of
demonstrating that identity must be disclosed. 
Bodin v. State, 807 S.W.2d 313, 318 (Tex. Crim. App. 1991).  

We must review the reporter=s record to determine whether the trial court=s decision denying appellant=s request for the informant=s identity constitutes an abuse of discretion.  Portillo v. State, 117 S.W.3d
924, 930 (Tex. App.BHouston [14th Dist.] 2003, no pet.).  The trial court's decision will not be
disturbed so long as it is within the realm of reasonableness, given the record
that was before the trial court.  Id.  We may not substitute our judgment for that
of the trial court; rather, we must decide whether the trial court=s decision was arbitrary or unreasonable.  Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990).  








The record in this case includes the reporter=s record of the plea proceedings and sentencing
proceedings.  However, we find no
reporter=s record of the hearing on appellant=s motion to disclose the identity of the
confidential informant.  Without a
reporter=s record of the proceeding, this Court must defer to
the trial court=s judgment that the appellant failed to meet the
threshold burden required by rule 508(c)(2). 
See Hoyos v. State, 951 S.W.2d 503, 513 (Tex. App.BHouston [14th Dist.] 1997), aff=d on other grounds, 982 S.W.2d 419 (Tex. Crim. App. 1998); see also Tex. R. Evid. 508(c)(2). 

Appellant refers us to an affidavit which he filed
in support of his motion to disclose the identity of the confidential
informant.  However, appellant=s affidavit was never introduced into evidence.  Affidavits become evidence only when they are
introduced and admitted into evidence.  See
Portillo, 117 S.W.3d at 930. 
Therefore, we may not consider appellant=s
affidavit.

We have reviewed the entire record before us.  We find no evidence that the trial court
abused its discretion in denying appellant=s motion to disclose the identity of the
confidential informant.  Accordingly, we
hold the trial court did not abuse its discretion in denying appellant=s motion. 
Appellant=s sole issue is overruled. 

The judgment of the trial court is affirmed.       

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed 

this
the 30th day of June, 2005.