IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00080-CR

 

Gary Montgomery,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 05-03937-CRF-361

 



concurrence and dissent to ORDER










 

            Gary Montgomery was charged with two
counts of aggravated sexual assault.  A jury found him guilty and the trial
court assessed punishment at 25 years in prison on both counts.  Montgomery appealed.  Counsel on appeal was appointed for Montgomery.

            Montgomery filed his notice of appeal
with the trial court on March 15, 2007.  The reporter’s record was due April 3, 2007.  See Tex. R. App. P.
35.2.  After many unsuccessful efforts to obtain the reporter’s record, we
abated this appeal in November of 2007 to the trial court to determine, among
other things, whether the reporter’s record was lost or destroyed and if not,
when the record would be filed.  The reporter’s record was eventually filed on December 3, 2007, and this appeal was reinstated on December 11, 2007.  

            Montgomery’s brief was due January 10, 2008.  After unsuccessful efforts to obtain Montgomery’s brief, we abated this
appeal on March 26, 2008, to the trial court to conduct a hearing pursuant to
Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).  

            Since the time the appeal was abated,
we received a “Motion to Extend Time to File Appellant’s Brief” from Louis
Gimbert, an attorney different than the previously appointed attorney.  In the
motion, Gimbert stated that the previously appointed attorney had been removed
and that he had been recently appointed to represent Montgomery.  I have
reviewed the supplemental record and agree that Gimbert has been recently
appointed by the trial court to represent Montgomery.  However, also according
to the supplemental record, previous appointed counsel has not been removed as
counsel representing Montgomery.  Therefore, Gimbert has been appointed only as
additional counsel to represent Montgomery.  See Tex. Code Crim. Proc. Ann. art 26.04(j)(2) (Vernon Supp.
2007).

            With this observation, I concur in
withdrawing the abatement order issued on March 26, 2007, and reinstating this appeal but I do not join the “recognition” of the majority that a
“substitution” of counsel has been effectively accomplished based on the record
before us.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Concurrence
and dissent to order delivered and filed June 11, 2008

Do
not publish






line-height:
200%;font-family:"Palatino Linotype";color:black'>Further, the deliberate
falsity or reckless disregard must be that of the affiant, not of any
non-governmental informant.  Id. at 171.

      The determination of whether a probable cause affiant's
statements were false or made with reckless disregard of the truth is a
question of fact and the trial court, as the sole fact-finder and judge of the
witnesses' credibility, is owed great deference and its ruling will be
overruled only if it was an abuse of discretion.  Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89-90 (Tex. Crim. App. 1997).

During the hearing, the
trial court heard only Nash’s testimony and Boyett’s testimony.  Nash failed to show that Boyett did not believe the statements of
the confidential informant and his complaints concerning the informant’s
statements tend only to show that the informant's information was false, not
that Boyett recklessly disregarded the truth in the affidavit.  As the
sole finder of fact, the trial court was free to believe or disbelieve all or
any part of the testimony of either witness.  State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000).  Having reviewed the record of the hearing and
applying the appropriate standard of review, we hold that Nash did not
establish by a preponderance of the evidence that Boyett recklessly disregarded
the truth in his search warrant affidavit.  The trial court did not err in overruling Nash’s motion to suppress. 
Accordingly, we overrule Nash’s first and second issues.

Motion to Reveal Identity
of Confidential Informer

The State has a
privilege to refuse to disclose the identity of a confidential informer.  Tex. R. Evid. 508(a).  Three exceptions
to the privilege exist:  (1) the informer voluntarily discloses his identity or
appears as a witness for the State; (2) the informer may be able to give
testimony necessary to a fair determination of guilt or innocence; or (3)
evidence from the informer is relied upon to establish the legality of
obtaining evidence and the court is not satisfied that the information was
received from a reliable or credible source.  Id. 508(c).

A defendant who makes a request under Rule 508 has the threshold
burden of demonstrating that the informant's identity must be disclosed.  Blake
v. State, 125 S.W.3d 717, 728 (Tex. App.—Houston [1st Dist.] 2003, no pet.). 
If the defendant meets the burden
of making the preliminary showing, the trial court is required to hold an
in-camera hearing.  See Bodin v. State, 807 S.W.2d 313, 319 (Tex. Crim. App.
1991).  The in-camera hearing provides the
State the opportunity to show facts that rebut the defendant's preliminary
showing.  Id.

We review a trial court’s
denial of a motion to disclose a confidential informant under an abuse of
discretion standard.  Taylor v. State, 604 S.W.2d 175, 179 (Tex.
Crim. App. 1980).  Under this standard, we affirm the
judgment unless the trial court's decision was so clearly wrong as to lie
outside that zone within which reasonable persons might disagree. 
See Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  We may not substitute our judgment for that of the trial
court; rather, we must decide whether the trial court's decision was arbitrary
or unreasonable.  Id.  We must consider all the circumstances of
the case to determine whether the trial court abused its discretion by not
requiring the State to disclose the informer’s identity.  Portillo v. State,
117 S.W.3d 924, 928 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

      The trial court determined that
Nash carried his initial burden and held an in-camera
hearing.  The trial court provided an opportunity for Boyett to testify as to
whether the informant would be able to “give testimony necessary to a fair
determination … on guilt or innocence.”  See Tex. R. Evid. 508(c)(2).  The court concluded that disclosure
of the informant was not required because, although the informer could give
some testimony, the testimony he could give would be “overwhelmingly
incriminating.”

      Although the trial court may not have articulated the proper
standard, we agree that disclosure is not required.  Boyett testified as to the
reliability of the informant and the time frame in which the informant was at
Nash’s apartment.  He did not indicate that the informant was present at the
time of the arrest or if he was a participant in the offense for which Nash was
convicted.  From this record, we cannot say that the informant’s testimony
would have been necessary or the trial court's decision was unreasonable.

      Nash also claims that the informant should have been
disclosed pursuant to 508(c)(3).  Under this section, the trial court may
require disclosure of the informer’s identity if he is not satisfied that the
information received from the informant was reasonably believed to be reliable
or credible.  Tex. R. Evid.
508(c)(3).  As the sole judge of credibility, the trial court was entitled to
believe Boyett’s testimony.  The record indicates that Boyett believed the
informant to be reliable and had arrested 50 or 60 people from information he
provided.  We cannot say that the trial court abused its discretion in refusing
to order the disclosure of the informant’s identity.  We overrule Nash’s third
issue.

Challenge for Cause

Either party may challenge
for cause a juror who has a bias or prejudice in favor of or against the
defendant.  Tex. Code Crim. Proc. Ann.
art. 35.16(a)(9) (Vernon Supp. 2006).  The State may also challenge for cause a
juror who indicates that he has a bias or prejudice against any phase of the
law upon which the State is entitled to rely for conviction or punishment.  Id. art. 35.16(b)(3) (Vernon Supp. 2006).

The trial court has broad
discretion over the voir dire process.  Hankins v. State, 132 S.W.3d
380, 384 (Tex. Crim. App. 2004).  In deciding on the propriety of the court's
ruling on challenges for cause during voir dire, we keep in mind that the trial
judge has had the opportunity to observe the tone of voice and demeanor of the
prospective juror in determining the precise meaning intended, while we have
only the "cold record."  See Briddle v. State, 742 S.W.2d 379,
384 n.1 (Tex. Crim. App. 1987).

The State challenged for
cause prospective juror number 17, Mr. Benevides, and the court granted the
challenge.  When asked if anyone had any personal experience with a search
warrant, Mr. Benevides stated that law enforcement had confiscated his older
son’s computers and that the experience would “weigh a little bit on [his]
heart.”  He also stated that Nash’s counsel represented his younger son in a
juvenile proceeding.  He admitted that would affect his ability to be fair and
impartial.

Benevides was called to the
bench for additional questioning.  The prosecutor asked if he could follow the
law and find the elements of the offense beyond a reasonable doubt.  He replied
that “it’s going to be hard for me to judge him on the basis of my past
experiences.  I may have a hard time finding him guilty.”  However, he also
stated that he felt he could sit on the jury.  When asked to clarify whether he
could “sit in judgment of somebody else,” he said:  “it’s not that I won’t be
able to.  It’s just that it would be difficult to.”  The trial court then asked
if he was coming into the case with a bias or prejudice against the State.  He
concluded that he didn’t know if his experience with his sons would affect his
judgment.  He finally stated that he “would probably favor Thibodeaux [Nash’s
attorney] over the law.”  Based on this record we find no abuse of discretion. 
We overrule Nash’s fourth issue.

Conclusion

Having overruled Nash’s four issues, we
affirm the trial court’s judgment.  

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed September 13, 2006

Do
not publish 

[CRPM]