NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-08-00385-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

MARK HEAD,                                                    '                 APPEAL
FROM THE 7TH

APPELLANT

                                                                             '                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,                                 '                 SMITH
COUNTY, TEXAS

APPELLEE

 





 

MEMORANDUM
OPINION

            Mark Head appeals two convictions for aggravated sexual
assault of a child, for which he was sentenced to imprisonment for forty years
and fined five thousand dollars on each count.  Appellant raises four issues on
appeal.  We affirm.

 

Background

            Appellant was charged by indictment with two counts of
aggravated sexual assault of a child, his girlfriend’s seven year old
daughter.  Appellant pleaded “not guilty” to each count and the matter
proceeded to a jury trial.  The jury found Appellant “guilty” as charged and,
following a trial on punishment, assessed Appellant’s punishment at
imprisonment for forty years and a five thousand dollar fine for each offense. 
Appellant filed a motion for new trial and requested a hearing thereon. 
Subsequently, Appellant’s attorney sent a letter to the trial court via
facsimile requesting that the trial court set a hearing because the motion had
been properly presented.  This letter was ultimately filed by the district
clerk for Smith County.  Appellant’s motion for new trial was overruled by
operation of law; no hearing was conducted.  This appeal followed.

 

Presentment of a Motion for New Trial

            A defendant has a right to a hearing on a motion for new
trial when the motion raises matters that cannot be determined from the record. 
Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim.
App. 1993).  However, a defendant does not have an absolute right to a hearing
on a motion for new trial, id. at 815, and a trial court is under
no requirement to conduct a hearing if the motion for new trial is not
presented in a timely manner.  See Tex.
R. App. P. 21.6; Rozell v. State, 176 S.W.3d 228, 230
(Tex. Crim. App. 2005).  Thus, to obtain a hearing on a motion for new trial, a
defendant must present the motion to the trial court within ten days of filing,
unless the trial court in its discretion permits the motion to be presented and
heard within seventy-five days of the date the court imposes or suspends
sentence in open court.  Tex. R. App. P.
21.6; see Sexton v. State, 51 S.W.3d 604, 609 (Tex. App.–Tyler
2000, pet. ref’d).  

Merely filing a motion for new trial does not satisfy
the presentment requirement. Carranza v. State, 960 S.W.2d 76, 78
(Tex. Crim. App. 1998).  The term “present” means the record must show the
movant for a new trial sustained the burden of actually delivering the motion
for new trial to the trial court or otherwise bringing the motion to the
attention or actual notice of the trial court.  Id. at 79.  Examples
of “presentment” include obtaining the trial court’s ruling on the motion for
new trial, the judge’s signature or notation on a proposed order, or a hearing
date on the docket.  Id.

In
the case at hand, the record reflects that Appellant timely filed his motion
for new trial.  However, there is no ruling on the motion, no proposed order
containing the trial judge’s signature or notation, and no notation on the
docket sheet of a hearing date set on the motion.  Appellant argues that the
letter faxed by his attorney addressed to the trial judge is sufficient to
demonstrate presentment of his motion for new trial.  This letter stated, in
pertinent part, as follows:

 

I am writing in [regard] to the motion for new trial
filed in this cause.  The defendant would like to develop evidence for the
motion for new trial with a hearing on his motion for new trial.  We feel that
a hearing would be necessary to properly develop the record for an appeal of
Mr. Head’s conviction.  As such, we request that the Court set the Defendant’s
Motion for New Trial for a hearing at a date convenient with the Court’s
calendar.  I am further requesting that this court set a hearing because this
Motion has been properly presented to the Court, which is within 10 day[s] of
filing the Motion for New Trial, entitling the Defendant to a hearing.

 

Despite Appellant’s attorney’s directing the letter to the trial judge,
there is no indication in the record that the trial judge, the court
coordinator, or any other particular person received the letter.[1] 
By all indications, the letter was filed by the district clerk for Smith County
in the same manner as Appellant’s motion for new trial or any other pleading or
motion.  Thus, we conclude that the letter is not sufficient evidence that
Appellant presented his motion for new trial to the trial court.  See Burrus
v. State, 266 S.W.3d 107, 115 (Tex. App.–Fort Worth 2008, no pet.)
(statement in motion for new trial entitled “Certificate of Presentment” not
sufficient evidence of presentment); Longoria v. State, 154
S.W.3d 747, 762 (Tex. App.–Houston [14th Dist.] 2004, pet. ref’d) (statement in
record “Notice of Presentment of Motion for New Trial” insufficient to show
presentment); Oestrick v. State, 939 S.W.2d 232, 235 n.5 (Tex.
App.–Austin 1997, pet. ref’d) (self-serving statement by defense counsel,
without more, insufficient evidence of presentment to trial court).  Therefore,
because Appellant did not meet his burden of proof that he presented his motion
for new trial to the trial court, we hold that the trial court did not err in
not conducting an evidentiary hearing on Appellant’s motion for new trial. 
Appellant’s first issue is overruled.

 

Improper Jury Argument

            In his second issue, Appellant argues that the trial court
erred in permitting nine instances of improper jury argument by the
prosecutor.  In order to preserve error for improper jury argument, the
appellant must (1) object on specific grounds; (2) request an instruction
that the jury disregard the comment, and (3) move for a mistrial.  Harris
v. State, 784 S.W.2d 5, 12 (Tex. Crim. App. 1989).  Here, in the two
instances in which Appellant did object to the alleged improper argument by the
prosecutor, his objections were sustained.  However, in each of these
instances, Appellant failed to request a curative instruction and move for
mistrial.  Further, Appellant concedes that he failed to object to the other
seven instances of alleged improper prosecutorial argument.       

Nonetheless, Appellant contends that “the inflammatory
[and] impermissible  [argument] was so pervasive that the error became
structural error that did not need preservation for those instances where
Appellant’s [c]ounsel chose not to object.”  Generally, a party’s failure to
object at trial waives the error of which he complains on appeal.  See Tex. R. App. P. 33.1.  However, some
error is of such a magnitude as to constitute a “structural defect affecting
the framework within which trial proceeds.”  Rey v. State, 897
S.W.2d 333, 344–45 (Tex. Crim. App. 1995).  Structural error occurs only when
the error strips a defendant of basic protections without which a criminal
trial cannot reliably determine guilt or innocence.  See id. at
345.  

            In the instant case, Appellant does not argue that any one
instance of allegedly improper prosecutorial argument constituted structural
error.  Rather, Appellant contends that the sum of the prosecutor’s improper
arguments caused the error to become “structural” error.  However, Appellant
has not cited, nor are we aware of, any authority supporting the notion that
numerous instances of nonstructural error can be transformed into structural
error.  See Tex. R. App. P.
38.1(i).  Therefore, we hold that Appellant has waived the error, if any, of
which he now complains.  See id.; Harris,
784 S.W.2d at 12.  Appellant’s second issue is overruled.

 

Right to Public Trial

            In his third and fourth issues, Appellant argues that he was
denied his constitutional and statutory rights to a public trial. 
Specifically, Appellant contends that “an unknown individual[,] who had
authority over the deputies who guard the Smith County [Courthouse], denied
Appellant’s family [member] access to the courtroom or the courthouse.”  As a
result, Appellant argues that his “family member was not able to observe the
trial or support Appellant in the courtroom.”

The Sixth Amendment to the Constitution of the United
States guarantees an accused the right to a public trial.  U.S. Const. amend. VI; Addy v. State, 849
S.W.2d 425, 428 (Tex. App.–Houston 1993, no writ); see also Tex. Const. art. 1, § 10 (Vernon 2007);
Tex. Code Crim. Proc. Ann. arts.
1.05, 1.24 (Vernon 2005).  The due process clause of the Fourteenth Amendment
makes this right applicable to trials conducted in state court.  U.S. Const. amend. XIV; Addy, 849 S.W.2d
at 428.  The right to a public trial is one of the few structural
requirements identified by the United States Supreme Court where, if the right
is improperly denied, the error is exempt from harm analysis.  See Arizona
v. Fulminante, 499 U.S. 279, 310, 111 S. Ct. 1246, 1265, 113 L. Ed. 2d
302 (1991).  However, failure to object to the closing of the courtroom will
serve to waive the right to a public trial.  See Levine v. United States,
362 U.S. 610, 619, 80 S. Ct. 1038, 1044, 4 L. Ed. 2d 989 (1960).

Public trials play a fundamental role in guaranteeing a
defendant a fair trial.  Addy, 849 S.W.2d at 428.  This right
prevents the abuse of judicial power, discourages perjury, encourages
unidentified potential witnesses to come forward, and instills in the public
the perception that their courts are acting fairly.  Richmond Newspapers,
Inc. v. Virginia, 448 U.S. 555, 569–71, 100 S. Ct. 2814, 2823–24, 65 L.
Ed. 2d 973 (1980).  The right to a completely open trial is not absolute,
however.  Addy, 849 S.W.2d at 429.  Limitations on public
attendance may be imposed where they are necessary to protect a state’s
interest that outweighs the defendant's right to public scrutiny.  Rovinsky
v. McKaskle, 722 F.2d 197, 200 (5th Cir. 1984).  But no state’s
interest, however compelling, can sustain the exclusion of press and public
from part of a trial, absent findings of necessity articulated on the record.  Globe
Newspaper Co. v. Superior Court, 457 U.S. 596, 606‑09, 102
S. Ct. 2613, 2619-21, 73 L. Ed. 2d 248 (1982).  Before closing a trial, the
judge must state on the record his reasons for doing so to inform the public
and enable the appellate court an opportunity to review the adequacy of the
reasons.  Id.

            In the case at hand, Appellant notes
in his brief that he was unaware of his family member’s exclusion from the
courtroom.  Indeed, there is no indication in the record that the trial court
or anyone acting at its direction ordered the exclusion of Appellant’s family
member.  As set forth above, a hearing on a motion for new trial is necessary
when the matters raised in the motion are not determinable from the record.  See
Reyes, 849 S.W.2d at 816.  Here, because the record was silent
concerning the exclusion of Appellant’s family member from the courtroom, it
was imperative that Appellant take the necessary procedural steps to cause the
trial court to conduct a hearing.  Moreover, the affidavit from Appellant’s
brother, George Head, in which he stated that a man in a suit and tie along
with two uniformed “Smith County Deputies” denied him access to the courtroom,
is of no consequence because it is not evidence.  See Stephenson v. State,
494 S.W.2d 900, 909–10 (Tex. Crim. App. 1973) (affidavit attached to motion for
new trial is merely pleading that authorizes introduction of supporting
evidence, and  not evidence in itself, unless introduced at hearing on motion);
Burrus, 266 S.W.3d at 112 (affidavits do not become evidence in
criminal case until introduced into evidence); Jackson v. State,
139 S.W.3d 7, 21 (Tex. App.–Fort Worth 2004, pet. ref’d) (same); Portillo
v. State, 117 S.W.3d 924, 930 (Tex. App.–Houston [14th Dist.] 2003, no
pet.) (same); see also Coale v. State, No. 14‑07‑01033‑CR,
2008 WL 4937575, at *4 (Tex. App–Houston  [14th Dist.] 2008, no pet.) (mem.
op., not designated for publication) (same).  Therefore, because Appellant
failed to take the necessary steps to ensure that an evidentiary hearing was
conducted on his motion for new trial, there is nothing before us to review. 
Appellant’s third and fourth issues are overruled.

 

 

 

Disposition

            Having overruled Appellant’s first, second, third, and fourth
issues, we affirm the trial court’s judgment.

 

                                                                                    JAMES
T. WORTHEN    

                                                                                                Chief
Justice

 

 

 

Opinion delivered January 20, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] There is no fax confirmation
receipt pertaining to this letter in the record.