**Opinion issued December 19, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00707-CR

_____

## EX PARTE MICHAEL MONACO

---

**On Appeal from County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 1912023**

---

## MEMORANDUM OPINION

Michael Monaco filed an application for writ of habeas corpus in the trial court, seeking to avoid extradition following his arrest made pursuant to a governor's warrant. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (Vernon 2013). Following a hearing, the trial court denied Monaco's requested habeas corpus relief. Monaco timely appealed. *See* TEX. R. APP. P. 31.

We affirm.

## Background

On August 8, 2013, Monaco filed his "Application for Writ of Habeas Corpus Challenging Legality of Arrest under Governor's Warrant" in which he alleged,

> Defendant is unlawfully restrained of liberty by the Sheriff of Harris County, Texas, having been arrested on authority of a governor's warrant under the Uniform Criminal Extradition Act. He is currently confined in the Harris County Jail in Houston, Texas, awaiting hearing on this writ.
>
> This restraint is illegal under the Uniform Criminal Extradition Act because defendant is not a fugitive.

Based on the application, writ of habeas corpus issued commanding the sheriff to bring Monaco before the trial court on August 9, 2013 to show why Monaco was in custody. The sheriff's office filed a sworn return reflecting that appellant was in custody by virtue of a governor's warrant, which had commanded the sheriff "to take the body of [Monaco]," to "safely keep" Monaco, and to take him before the trial judge "to answer a charge of fugitive."

On August 9, the trial court signed an order, denying Monaco's requested habeas relief. The order provided as follows:

> Today, this Court heard applicant's application for writ of habeas corpus. The writ issued by this Court has been returned and the applicant and an assistant district attorney representing the State of Texas appeared for a hearing on the application. After reviewing the pleadings and hearing the evidence and argument of the parties, the Court . . . ORDERS RELIEF DENIED, and remands applicant to the custody of Harris County Sheriff's Department.

2

Also on August 9, Monaco filed a notice of appeal, signed by his retained counsel, who had represented Monaco in the habeas proceeding.

Rule of Appellate Procedure 31 governs appeals from an order or judgment in a habeas corpus proceeding. TEX. R. APP. P. 31. Rule 31.1 requires the trial court clerk to prepare and certify the clerk's record. TEX. R. APP. P. 31.1. The rule also requires the court reporter to prepare and certify the reporter's record, if requested by the appellant. *See id.* The rule further requires the trial court clerk to send the clerk's record and the court reporter to send the reporter's record, if one has been requested, to this Court within 15 days of the filing of the notice of appeal. *Id.*

In this case, the appellate record was due by August 26, 2013. *See id.* The trial court clerk filed the clerk's record in this Court on August 21, 2013. The reporter's record, however, was not filed by the due date. On September 12, 2013, the court reporter sent notice to this Court indicating that "appellant has not paid or made arrangements to pay for the record and is not appealing as indigent."

October 24, 2013, the Clerk of this Court notified Monaco that the court reporter had informed the Court that he had not paid, or made arrangements to pay, the reporter's fee for preparing the record. *See* TEX. R. APP. P. 35.3(b). The Clerk further notified Monaco that unless, on or before November 12, 2013, he filed proof that he had paid, or had made arrangements to pay, the reporter's fee for

3

preparing the record, the Court may consider and decide those issues or points that do not require a reporter's record.  *See* TEX. R. APP. P. 37.3(c) (stating that, if clerk's record has been filed, appellate court may consider and decide those issues or points that do not require a reporter's record).  The Clerk's notice also informed Monaco that, if he believed he was exempt from paying for the reporter's record due to indigence, he should inform the Court by the due date.  Monaco did not respond.

After he failed to respond, Monaco was notified by our Clerk that the Court would "consider and decide those issues or points that do not require a reporter's record for a decision." *See id.*  Monaco was informed that the appeal had been set for submission without briefing, as permitted by Rule 31.1.  *See* TEX. R. APP. P. 31.1 (indicating that appeal arising from habeas proceeding may be submitted without briefing).

### Analysis

In his habeas application, Monaco asserted that he had been arrested "on authority of a governor's warrant under the Uniform Criminal Extradition Act" and was confined in jail.  He argued that his restraint was illegal under the act because he "is not a fugitive."  The application was not supported by affidavit or other evidence.

4

Texas has adopted the Uniform Criminal Extradition Act, codified as Code of Criminal Procedure article 51.13. That article provides that "it is the duty of the Governor of this State to have arrested and delivered up to the Executive Authority of any other State of the United States any person charged in that State with treason, felony, or other crime, who has fled from justice and is found in this State." TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2. A habeas corpus proceeding challenging extradition is "intended to be limited in scope in order to facilitate a swift and efficient transfer of custody to the demanding state." *Ex parte Potter*, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000).

A writ applicant bears the burden of proving facts that would entitle him to relief. *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). When a governor has granted extradition, a court considering an application for writ of habeas corpus may only consider four issues: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 535 (1978). Once the governor's warrant, regular on its face, is introduced into evidence, the burden shifts to the accused to show the warrant was not legally issued, was not based on proper authority, or contains inaccurate recitals. *See Ex parte Cain*, 592 S.W.2d

5

359, 362 (Tex. Crim. App. 1980); *Ibarra v. State*, 961 S.W.2d 415, 417 (Tex. App.—Houston [1st Dist.] 1997, no pet.). The accused opposing extradition may offer into evidence any of the papers that were used to support the warrant in an attempt to show a defect. *See Cain*, 592 S.W.2d at 362.

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

When seeking appellate review, an appellant has the burden to properly initiate the completion of a record sufficient to illustrate reversible error. *See* TEX. R. APP. P. 31.1, 35.3; *see also Perez v. State*, 261 S.W.3d 760, 764 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *Cheek v. State*, 65 S.W.3d 728, 730 (Tex. App.—Waco 2001, no pet.); *Kent v. State*, 982 S.W.2d 639, 641 (Tex. App.—Amarillo 1998, pet. ref'd, untimely filed). Although the court reporter is responsible for preparing, certifying, and timely filing the reporter's record, that responsibility is conditioned on the appellant's filing a notice of appeal, requesting that the reporter's record be prepared, and paying for the reporter's record. *See*

6

TEX. R. APP. P. 35.3(b); *Rodriguez v. State*, 970 S.W.2d 133, 134 (Tex. App.—Amarillo 1998, pet. ref'd).

Here, Monaco failed to request or make payment arrangements for the reporter's record. *See* TEX. R. APP. P. 31.1, 35.3. As a result, we are left to determine whether the trial court abused its discretion when it denied Monaco's request for habeas relief based solely on the clerk's record. *See Portillo v. State*, 117 S.W.3d 924, 929 (Tex. App.—Houston [14th Dist.] 2003, no pet.). In his habeas application, Monaco sought habeas relief based on his bare assertion that he "is not a fugitive."

In this case, a determination of whether the trial court abused its discretion in denying Monaco's habeas relief is dependent on the evidence presented during the hearing on Monaco's habeas application. Such evidence would exist only in the reporter's record. It is not contained in the clerk's record. Thus, without a reporter's record, Monaco cannot demonstrate that the trial court had evidence before it showing that Monaco was not a fugitive. It follows, then, that Monaco has not demonstrated that the trial court's denial of his habeas relief constituted an abuse of discretion. *See id.*

## Conclusion

We affirm the judgment of the trial court denying appellant's request for habeas corpus relief.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).