# NO. 12-14-00026-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GALO GONZALES,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Galo Gonzales appeals his conviction for continuous sexual abuse of a young child, for which he was sentenced to imprisonment for thirty-five years. In two issues, Appellant argues (1) his sentence is excessive and grossly disproportionate to the crime of which he was convicted and (2) he was denied his right of confrontation. We affirm.

## BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a young child and pleaded "not guilty." Thereafter, the State filed a Motion to Take Testimony of Child Victim Through Closed Circuit Television. The trial court conducted a hearing on the State's motion on July 12, 2013. At the hearing, Appellant argued that the victim was mature for her age[1] and would not be negatively affected by testifying in open court. Following the presentation of evidence and argument, the trial court granted the State's motion. The matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for thirty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

---

[1] Initially, the parties mistakenly posited that the victim was twelve years old. During the State's concluding argument to the trial court on its motion, it was revealed that the victim was thirteen years old.

In his first issue, Appellant argues that his sentence amounts to cruel and unusual punishment in violation of the United States and Texas constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1. Even so, we conclude that the sentence about which Appellant complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of continuous sexual abuse of a young child, the punishment range for which is twenty-five to ninety-nine years or life. *See* TEX. PENAL CODE ANN. §§ 21.02(b), (h) (West Supp. 2014). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.),

2

*cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* **Jackson v. State**, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in **Rummel v. Estell**, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In **Rummel**, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—continuous sexual abuse of a young child—was more serious than any of the offenses committed by the appellant in **Rummel**, while Appellant's thirty-five year sentence is far less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it is reasonable to conclude that if the sentence in **Rummel** was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the **Solem** test. Appellant's first issue is overruled.

### RIGHT OF CONFRONTATION

In his second issue, Appellant argues that the trial court violated his right to confrontation by permitting the victim, who was thirteen years old at the time of trial, to testify by way of a closed circuit television.

Texas Code of Criminal Procedure, Article 38.071 allows testimony to be given by closed circuit television in a prosecution for continuous sexual abuse of a young child only if the court determines that a child younger than thirteen years of age would be unavailable to testify in the presence of the defendant about the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.071 § 1(14) (West Supp. 2014). Because here, the victim was thirteen years old, Article 38.071 does

3

not apply. *Id.* However, the State has a sufficiently important interest in protecting child victims from the traumatic effects of testifying to justify the use of closed circuit televised testimony under certain circumstances. *Marx v. State*, 953 S.W.2d 321, 327 (Tex. App.–Austin 1997), *aff'd,* 987 S.W.2d 577 (Tex. Crim. App. 1999); *see Gonzales v. State*, 818 S.W.2d 756, 765 (Tex. Crim. App. 1991) (citing *Maryland v. Craig*, 497 U.S. 836, 855 110 S. Ct. 3157, 3169, 111 L. Ed. 2d 666 (1990)).

To justify the procedure's use under *Craig* and *Gonzales*, the trial court must determine that the procedure is necessary by hearing evidence and finding that (1) the procedure is necessary to protect the welfare of the particular child witness who seeks to testify, (2) the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant, and (3) the emotional distress suffered by the child witness in the presence of the defendant is not de minimis ("more than mere nervousness or excitement or some reluctance to testify"). *Marx*, 953 S.W.2d at 327; *Gonzales*, 818 S.W.2d at 765 (citing *Craig*, 497 U.S. at 855–56, 110 S. Ct. at 3168–69); *see also Hightower v. State*, 822 S.W.2d 48, 51 (Tex. Crim. App. 1991). This finding may be implied by the trial court's explicit finding that this special procedure is necessary to prevent substantial harm to the child witness caused by the defendant's presence in the court room. *See Lively v. State*, 968 S.W.2d 363, 367 (Tex. Crim. App. 1998). Thus, in the instant case, so long as the record in this case supports the finding of necessity, the trial court did not err by allowing the victim to testify by closed circuit television merely because she did not meet the requirements of Article 38.071. *See Marx*, 953 S.W.2d at 327–28 (thirteen year old witness permitted to testify by closed circuit television despite not falling under purview of Article 38.071).

We review the trial court's ruling for an abuse of discretion. *See id.* at 328; *see also Hightower*, 822 S.W.2d at 53. Under this standard, a trial court's decision will not be disturbed on appeal unless it falls outside the "zone of reasonable disagreement." *Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.–Houston [14th Dist.] 2013, pet. ref'd). We do not substitute our judgment for that of the trial court, but instead, determine whether the trial court's decision was arbitrary or unreasonable. *Portillo v. State*, 117 S.W.3d 924, 928 (Tex. App.–Houston [14th Dist.] 2003, no pet.). Here the trial court did not make findings of fact. However, Appellant did not request and does not challenge the absence of such findings. Therefore, we will determine whether the record supports the trial court's ultimate determination of necessity. *Id.*

4

In the case at hand, in support of its motion, the State presented the testimony of Julianne Davis, Ph.D. Davis testified that she is a licensed professional counselor who regularly treats children suffering from mental health issues stemming from, among other things, sexual abuse. Davis further testified that she had been seeing the victim in her capacity as a counselor since October 2011. Davis recommended that the victim be permitted to testify remotely via closed circuit television. Davis stated that as trial approached, the victim had become much more distressed and agitated about the idea of telling her story in public. She further stated that the victim is very afraid of Appellant and very upset about the idea of having to face him in court.

Davis testified that when the victim spoke to her about having to testify, she would cry and shake. Davis further testified that when she discussed with the victim techniques she could employ to avoid having to look at Appellant during her testimony, the victim "eventually just glazed over as if she [became] disassociated from the whole process." Davis expressed her concern that, if the victim were required to testify in Appellant's presence, she would become overwhelmed by the process. Davis described the victim as "emotionally regressing," which is to say that when she begins to talk about what happened between her and Appellant, she "transforms into a seven year old." Davis described the scenario further, explaining that the victim, as a result of having been traumatized, would "go back to how old she [was] and how [she] felt" emotionally and maturity wise when the traumatic events occurred. Davis stated that if the victim were allowed to testify in another room, doing so would help to protect her from this overwhelming anxiety and regression she experiences. Davis further stated that the likelihood that testifying in Appellant's presence would have the negative results she described and would further result in the victim's not being able to complete her testimony was approximately seventy percent.

Based on our review of the record, we conclude that the evidence supports the trial court's implicit findings that (1) the procedure is necessary to protect the victim's welfare, (2) the victim would be traumatized by testifying in Appellant's presence, and (3) the emotional distress suffered by the child witness in the presence of the defendant is more than mere nervousness or excitement or some reluctance to testify. Therefore, we hold that the trial court did not abuse its discretion in granting the State's motion. Appellant's second issue is overruled.

5

**DISPOSITION**

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered August 20, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 20, 2014**

**NO. 12-14-00026-CR**

**GALO GONZALES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30882)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*