COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| COREY WAYNE HAMILTON, | § | No. 08-09-00012-CR |
| Appellant, | § | Appeal from the |
| v. | § | Criminal District Court No. 4 |
| | § | |
| THE STATE OF TEXAS, | § | of Dallas County, Texas |
| | § | |
| Appellee. | § | (TC# F-0758926-K) |
| | § | |

**O P I N I O N**

Corey Hamilton appeals his conviction for unlawful possession of a firearm by a felon. The trial judge sentenced Appellant to 12 years' imprisonment with a $500 fine.[1] On appeal, Appellant challenges the court's judgment on the bases of factual insufficiency of the evidence for the conviction, the court's denial of his motion to disclose a confidential informant, and the court's denial of his motion to suppress. We affirm.

On October 30, 2007, Detective William Jackson, an officer in the Dallas Police Department's narcotics division, received a tip that a black male called "Little C" was operating a drug house, or a "trap," on Hamilton Avenue in Dallas. The next day, Detective Jackson

---

[1] Appellant was convicted at trial of unlawful possession of cocaine with intent to deliver and unlawful possession of a firearm by a felon, and he was sentenced concurrently for the two offenses. Appellant has appealed both convictions and this Court has addressed them as companion cases. In Appellant's brief, Issues One, Three, Four, and Five raise arguments with respect to his conviction for unlawful possession of cocaine with intent to deliver, while Issues Two, Three, and Four raise arguments with respect to his conviction for unlawful possession of a firearm by a felon.

employed a confidential informant to purchase drugs from the house, known as a "controlled buy." The detective provided the informant with instructions and money, and he sent the informant into the house to make the controlled buy after Appellant walked into the residence. Detective Jackson searched the informant prior to sending him into and after he came out of the house, and upon completing the transaction, Appellant met with the detective to give him the drugs and discuss what had happened. They repeated the process on November 6, 2007, in order to verify the house was a trap engaged in an ongoing business of selling drugs.

Based on the foregoing information, Detective Jackson obtained a search warrant for the house, which was executed on November 7, 2007. Once inside the house, the officers found two men and a woman in a back bedroom. The men were identified as Appellant and Shaun Dines, and the woman was identified as Traci Sydes. The officers arrested both Appellant and Mr. Dines. Inside the house, the officers found a plate with a few bags of chunky, white substance on the kitchen counter. An electronic scale, a razor blade, and six yellow bags containing a white powder substance were located near the plate. They found a bag containing more white rock-like substance in a kitchen cabinet. A lab test confirmed the contents of five clear plastic bags to be 10.1 grams of cocaine. The officers also discovered two loaded guns on top of a mattress near the front door, a box of bullets in another kitchen cabinet, and more than $300 in cash throughout the house.

Appellant was charged by indictment with unlawful possession of a firearm by a felon. The indictment contained one enhancement paragraph. Appellant pled not guilty to the charge. However, the jury convicted Appellant of possession of a firearm by a felon. Appellant then entered a plea of true to the enhancement paragraph. The trial court found the enhancement

paragraph to be true, and it assessed punishment at twelve years' confinement with a $500 fine. Appellant filed a notice of appeal for the conviction in November 2008.

In Issue Two, Appellant argues the evidence is factually insufficient to support his conviction for unlawful possession of a firearm by a felon.[2] However, since Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia* legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issue Two as a challenge to the legal sufficiency of the evidence. *See id*. at 898-900.

A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When conducting such a review, this Court is required to defer to the jury's role as the sole judge of witness credibility, and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

To support a conviction of unauthorized possession of a firearm, the State must prove: (1) the accused exercised actual care, custody, control, or management over the firearm; (2) he was conscious of his connection with it; and (3) he possessed the firearm knowingly or intentionally. *See Bates v. State*, 155 S.W.3d 212, 216 (Tex.App.--Dallas 2004, no pet.); *Nguyen*

---

[2] Issue Two is the first issue Appellant raises in his brief with respect to his conviction for unlawful possession of a firearm by a felon.

*v. State*, 54 S.W.3d 49, 52-3 (Tex.App.--Texarkana 2001, pet. ref'd). But if the firearm is not found on the accused or within his exclusive possession, then the State must affirmatively link the accused to the firearm. *Bates*, 155 S.W.3d at 216.

Appellant argues that there is insufficient evidence to establish an affirmative link between himself and the contraband. He argues that the evidence in this case shows his connection with the firearms was nothing more than fortuitous. In order to prove that the accused had knowledge of, and control over the contraband in cases where the accused is not in sole possession of the location where the substance is found, there must be additional independent facts and circumstances which link the accused to the contraband. *See Evans v. State*, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006). Whether direct or circumstantial, the evidence must establish the accused's connection with the contraband was more than just fortuitous. *Id*. at 161. While the accused's mere presence at the location where the contraband is found is insufficient to establish possession, presence, when combined with other "affirmative links" between the accused and the contraband, may well be sufficient to establish the element beyond a reasonable doubt. *Id*. at 162.

In evaluating the evidence of unauthorized possession of a firearm by a felon, we apply the same rules adopted for unauthorized possession of a controlled substance. *Bates*, 155 S.W.3d at 215-17. The key to this type of possession inquiry is the "logical force" with which the evidence supports an inference of conscious possession of contraband by the accused. *See Evans*, 202 S.W.3d at 161-62; *Porter v. State*, 873 S.W.2d 729, 732 (Tex.App.--Dallas 1994, pet. ref'd). In determining whether sufficient links between Appellant and the firearms exist, we examine factors such as: (1) whether the contraband was in plain view; (2) the defendant's

proximity to and accessibility of the contraband; (3) whether the defendant made incriminating statements when arrested; (4) whether the defendant attempted to flee; (5) whether the accused made furtive gestures; (6) whether the defendant owned or had the right to possess the place where the contraband was found; (7) whether the contraband was found in an enclosed area; and (8) whether the conduct of the accused indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12; *Williams v. State*, 313 S.W.3d 393, 397-98 (Tex.App.--Houston [1st Dist.] 2009, pet. ref'd); *Smith v. State*, 176 S.W.3d 907, 916 (Tex.App.--Dallas 2005, pet. ref'd); *Taylor v. State*, 106 S.W.3d 827, 831 (Tex.App.--Dallas 2003, no pet.).

In this instance, the following evidence "links" Appellant to the firearms: (1) Appellant was seen twice at the house; (2) the officers observed two loaded guns in plain view next to the front door in the living room; and (3) the officers discovered a box of bullets in a kitchen cabinet. Having reviewed the record in the light most favorable to the verdict, we determine the evidence sufficiently established Appellant's connection with the contraband. We conclude the jury was rationally justified in finding Appellant's guilt beyond a reasonable doubt in this case, and the evidence is legally sufficient to support Appellant's conviction. *See Brooks*, 323 S.W.3d at 899. Issue Two is overruled.

In Issue Three, Appellant contends the trial court erred in refusing to grant his motion to disclose the name of Detective Jackson's confidential informant.

We review a trial court's denial of a motion to disclose a confidential informant under an abuse of discretion standard. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App. 1980). Under this standard, we affirm the judgment, unless the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *See*

*Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990). We may not substitute our judgment for that of the trial court; rather, we must decide whether the trial court's decision was arbitrary or unreasonable. *Id*. We must consider all the circumstances of the case to determine whether the trial court abused its discretion by not requiring the State to disclose the informer's identity. *Portillo v. State*, 117 S.W.3d 924, 928 (Tex.App.--Houston [14th Dist.] 2003, no pet.).

Appellant argues the trial court erred in denying his motion for disclosure of the confidential informant's identity. He argues his case is similar to that of *Bodin v. State*, where the Texas Court of Criminal Appeals reversed the lower court's judgment in denying such a motion based on the determination that the informant could give testimony necessary to a fair determination of the defendant's guilt. *See Bodin v. State*, 807 S.W.2d 313, 318-19 (Tex.Crim.App. 1991).

If the informant was present and witnessed the offense, his testimony is necessary to a fair determination of the issue of guilt or innocence. *Anderson v. State*, 817 S.W.2d 69, 72 (Tex.Crim.App. 1991). However, when the informant's information is used only to establish probable cause for a search warrant, and the informant was neither a participant in the offense for which the defendant is charged, nor present when the search warrant was executed, the identity of the informant need not be disclosed because his testimony is not essential to a fair determination of guilt. *See Washington v. State*, 902 S.W.2d 649, 656-57 (Tex. App--Houston [14th Dist.] 1995, pet. ref'd).

Contrary to Appellant's argument, the instant case is distinguishable from *Bodin*. In that case, the confidential informant was the one who told the police that the defendant was engaged in drug trafficking. *See Bodin*, 807 S.W.2d at 318. The Court reasoned that because the

informer possessed information material to the defendant's possession of drugs, and may have had information relevant to possible entrapment, a defense raised by the defendant, the defendant succeeded in "[making] a plausible showing that the informer could give testimony necessary to a fair determination of guilt." *Id*. In this case, the confidential informant did not provide the police with the initial tip and did not witness Appellant's offenses; during the confidential informant hearing, Detective Jackson testified that the informant was not a fact witness to Appellant's offenses. The detective also testified that the informant was not present when the search warrant was executed on November 7, 2007. Moreover, the record does not indicate the informant participated in the Appellant's charged offenses. Appellant has therefore failed to show that the informant's testimony was necessary to a fair determination of guilt or innocence. Because the informant's information was only used to establish probable cause for a search warrant, and he did not participate in the offense for which Appellant is charged, and was not present when the search warrant was executed, his identity need not be disclosed. *See Washington*, 902 S.W.2d at 656-57. As such, the trial court did not err in overruling Appellant's motion to disclose the informant's identity. Accordingly, Issue Three is overruled.

In Issue Four, Appellant contends the trial court erred in denying his motion to suppress the evidence seized during the search of the house on Hamilton Avenue. Citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), Appellant urges the trial court should have invalidated the search warrant because the affiant provided false information in the warrant's affidavit.

To preserve error on appeal, the complaining party must make a timely, specific objection and obtain a ruling on the objection. TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349

(Tex.Crim.App. 2002). A party must continue to object every time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991); *Gillum v. State*, 888 S.W.2d 281, 285 (Tex.App.--El Paso 1994, pet. ref'd). Generally, once a pretrial motion to suppress is overruled, the defendant is not required to object to admission of the same evidence at trial in order to preserve error for appeal. *Livingston v. State*, 739 S.W.2d 311, 334 (Tex.Crim.App. 1987). However, when the objectionable evidence is offered during trial and the defendant affirmatively asserts that he has "no objection" to its admission, he waives any error in the admission of the evidence despite the pretrial suppression ruling. *Moody v. State*, 827 S.W.2d 875, 889 (Tex.Crim.App. 1992); *Dean v. State*, 749 S.W.2d 80, 83 (Tex.Crim.App. 1988); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex.App.--El Paso 1993, no pet.). Likewise, improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Dewberry v. State*, 4 S.W.3d 735, 754 n.18 (Tex.Crim.App. 1999).

Here, Appellant waived any error in the admission of the firearms seized from the house. Although Appellant objected to the admission of the actual firearms and a photograph of the gun shells on the basis of the confidential informant hearing, he stated he had no objections to the admission of photographs of the guns on the mattress or a photograph of the gun cartridges, earlier in the trial. *See Dewberry*, 4 S.W.3d at 754 n.18. Therefore, Appellant's fourth issue is not preserved for our review. Accordingly, Issue Four is overruled.

Having overruled Appellant's issues presented for review, we affirm the trial court's judgment.

February 25, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)